**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

IN RE WORLD HEALTH                     )
ALTERNATIVES, INC.                     )          02:  05cv1194
SECURITIES LITIGATION                  )

**MEMORANDUM OPINION AND ORDER OF COURT**

January 31, 2007

Presently before the Court for disposition is the following:

•       MOTION OF TRUSTEE, GEORGE MILLER, TO INTERVENE, with brief

in support (*Document Nos. 146 and 147, respectively*);

•       DEFENDANTS JOHN W. HIGBEE AND FREDERICK R. JACKSON,

SR.'S RESPONSE TO MOTION TO INTERVENE OF GEORGE L. MILLER, AS CHAPTER

7 TRUSTEE OF THE ESTATE OF WORLD HEALTH ALTERNATIVES, INC., in which

Defendants Higbee and Jackson "take no position with respect to, and do not oppose, the

Trustee's Motion to Intervene at this time."  (*Document No. 153*);

•       PLAINTIFFS' MEMORANDUM OF LAW IN RESPONSE TO TRUSTEE

GEORGE MILLER'S MOTION TO INTERVENE, in which "Plaintiffs contest the Trustee's

motion to intervene as of right, but do not object to permissive intervention." *(Document No.

155)*; and

•       DEFENDANT, DASZKAL BOLTON L.L.P.'S MEMORANDUM OF LAW

IN RESPONSE TO TRUSTEE GEORGE MILLER'S MOTION TO INTERVENE, in which

Defendant Daszkal Bolton contends that the Trustee's motion should be denied in its entirety.

After careful consideration of the filing of the parties, and the applicable case law,

the Motion to Intervene will be denied in its entirety.

**Background**

This litigation is a securities fraud class action, originally brought against World

Health Alternatives, Inc., ("World Health"), several of its officers and directors, and its

accounting firm, Daszkal Bolton, LLP.  Between August 24, 2005 and October 17, 2005, eight

(8) additional lawsuits were filed on behalf of investors who had purchased World Health

common stock between June 26, 2003 and August 19, 2005.  By Order of Court, all the cases

were consolidated under Case No. 05-1194.

All but one of the consolidated cases named World Health as a defendant, not a

plaintiff.  The *Strunkor* case, which was not a class action, was brought by Timothy Strunkor,

derivatively and on behalf of World Health Alternatives, Inc.  The *Strunkor* case purported to

seek recovery from World Health's directors and accounting firm.  After the *Strunkor* case was

consolidated with the Class Action, it was designated as "closed."  Plaintiff Strunkor did not

seek appointment as Lead Plaintiff nor did he attempt to separate his case from the Class

Actions.

On February 21, 2006, World Health filed for Bankruptcy protection, and all

litigation against it was subject to automatic stay.[1]  On March 3, 2006, the Court conducted a

status conference with counsel for all parties to determine among many things whether this case

should proceed as to the remaining defendants despite the bankruptcy of World Health.  The

Court concluded that the claims and interests of the remaining parties did not overlap with any

rights or proprietal interests of World Health's bankruptcy and that the case would proceed

---

[1]    In October 2006, World Health's bankruptcy was converted to a Chapter 7
liquidation.  The automatic stay has never been lifted and remains in effect.

against all defendants, except the bankrupt World Health.  Thereafter, Lead Plaintiffs were ordered to file a Consolidated Class Action Complaint on or before April 21, 2006.

On April 21, 2006, Lead Plaintiffs, the Columbus Capital Plaintiffs, filed a Consolidated Class Action Complaint which named as defendants former Chief Executive Officer of World Health, Richard McDonald; former directors John W. Higbee and Frederick R. Jackson, Sr.; former Officer John W. Sercu; and World Health's accounting firm, Daszkal Bolton, LLP.[2]  The Consolidated Class Action Complaint alleged claims on behalf of all investors who purchased common stock of World Health between August 17, 2004 and August 19, 2005, and may have suffered damages as a result.  Significantly, World Health was not named as a party and no claims were asserted either on behalf of or against World Health. Further, the Consolidated Class Action Complaint states clearly that "this action is a securities class action on behalf of purchasers of the common stock of World Health;"  there is no averment in the Consolidated Class Action Complaint that a derivative action is being made by a shareholder of World Health.

Lead Plaintiffs and the named defendants in the Consolidated Class Action Complaint commenced settlement negotiations shortly after the filing of the Consolidated Class Action Complaint.  On November 17, 2006, Plaintiffs filed with the Court an Unopposed Motion in Support of Preliminary Approval of Settlement.   The proposed Settlement provides consideration of $2.7 million, plus certain stock holdings of Richard McDonald, in return for a release of all claims against the named defendants by class members.  World Health is  not a

---

[2]     World Health's transfer agent was also named as a defendant, but subsequently was voluntarily dismissed.

Released Party, nor a class member, and any claims that could be brought by World Health or its successor are not released.  In fact, no part of the settlement consideration is attributed to the *Strunkor* case.

On December 20, 2006, George L. Miller, as Chapter 7 trustee of the bankruptcy estate of World Health, filed the instant motion to intervene.  Distilled to its essence, the Trustee argues that "[w]hile the Strunkor Complaint is derivatively filed on behalf of World Health, the Trustee now stands in the shoes of debtor/defendant World Health and is, therefore, empowered to step into the shoes of plaintiffs who have asserted derivative claims on behalf of World Health."  Memo. at 3.

As discussed *infra,* the argument of the Trustee fails for a number of reasons.

### Discussion

Federal Rule of Civil Procedure 24 provides, in pertinent part, as follows:

**(a)  Intervention of Right.**  Upon timely application anyone shall be permitted to intervene in an action:  (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

**(b)  Permissive Invention.**  Upon timely application anyone may be permitted to intervene in an action:  (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties

*Fed. R. Civ. P. 24(a) and (b).*

The United States Court of Appeals for the Third Circuit has enunciated a four-part test for courts to utilize when determining whether a party may intervene in an action as a matter of right:  (i)  the application for intervention is timely; (ii) the applicant has a sufficient interest in the litigation; (iii) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (iv) the interest is adequately represented by an existing party in the litigation.  *Harris v. Pernsley*, 820 F.3d 592, 593 (3d Cir. 1987).  The applicant bears the burden of demonstrating that it has met all four prongs of the *Harris* test.  *United States v. Alcan Aluminum, Inc.,* 25 F.3d 1174, 1181 n.9 (3d Cir. 1994).

The Trustee's motion to intervene in this action fails to meet all of the requirements of the *Harris* test.  In particular, the Trustee has not established that he has a "sufficient interest" in the litigation.  The interest which the Trustee claims to have in this matter is the derivative claim filed by one of its shareholders, Timothy Strunkor.  However, as mentioned *supra,* World Health is not a party to the settlement, and the claims originally asserted in the *Strunkor* Complaint are no longer part of this action and are not the subject of the settlement.

Moreover, the Trustee's argument that he might either bring or revive a claim against parties which are also parties in this case does not create a "sufficient interest" in the litigation. The mere possibility that a claim could be brought in no way gives the Trustee a  protectable interest in this litigation.   Accordingly, the Court finds and rules that the Trustee has failed to meet his burden to demonstrate that he has standing to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a).

Rule 24(b) allows for permissive intervention by individuals who raise claims or defenses with questions of law or fact common to the main action. Fed. R. Civ. P. 24(b).  The

grant or denial of permissive intervention is a "highly discretionary decision." *Brody v. Spang*, 957 F.2d 1108, 1115, 1124 (3d Cir. 1992).  In exercising its discretion, a district court must consider whether intervention would unduly delay or prejudice the adjudication of the rights of the original parties, and must balance any such delay or prejudice against the benefits to be derived from intervention. Fed. R. Civ. P. 24(b); *see also Jones v. United Gas Improv. Corp.*, 69 F.R.D. 398, 401 (E.D. Pa. 1975).

The Court finds and rules that the permissive joinder of the Trustee in this litigation is not appropriate because such joinder would likely cause undue delay in the adjudication of the rights of the existing parties.   Accordingly, the Court will exercise its discretion and deny the motion.

The Court also finds that the parties to the settlement will be prejudiced if the Trustee is permitted to intervene.  The parties have engaged in multi-party negotiations, which have culminated in a Stipulation of Settlement, subject to Court and Class Member approval. All negotiations depended on the parties' understanding that Lead Counsel and Lead Plaintiffs had authority to represent the entire Plaintiff Class.  It appears to the Court that the Trustee's attempt to intervene will prejudice the Class Members' ability to recover for their injuries, as well as the Defendants interests in achieving finality.  Additionally, the Court's interest in orderly litigation, and in the enforcement of its own case management order, would also be prejudiced.

Additionally, it is clear that the proposed settlement does not include World Health nor will the proposed settlement affect any present or impending claims that World Health may choose to pursue, or any "legal rights" belonging to World Health.[3]

It appears that the Trustee seeks intervention in order to object to the proposed Settlement.  Plaintiffs contend that the Trustee lacks standing to object to a settlement to which he is not a party.  However, as Plaintiffs correctly note that particular issue is not presently before the Court.  The purpose of preliminary approval is to inform all interested parties of the pendency of the Action, so that the concerns of all potentially affected persons/entities may be raised before the Court in one proceeding.  *See In re:  Community Bank of Northern Virginia,* 418 F.3d 277, 314 (3d Cir. 2005) (proposed Intervenors' claims timely raised after preliminary approval).  The allotted time between preliminary and final approval will provide the Trustee with more than adequate time to raise any and all objections to the proposed settlement.

For all these reasons, the Court finds and rules that the Motion to Intervene is without merit.  An appropriate Order follows.

McVerry, J.

---

[3]      Defendant Daszkal Bolton has tendered its insurance policy limits in this matter in order to resolve this claim.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

IN RE WORLD HEALTH          )
ALTERNATIVES, INC.          )          02:  05cv1194
SECURITIES LITIGATION       )

**ORDER OF COURT**

AND NOW, this 31st day of January, 2007, in accordance with the foregoing

Memorandum Opinion, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the

Motion of trustee George L. Miller to intervene, as Chapter 7 trustee of the bankruptcy estate of

World Health Alternatives, Inc. is **DENIED.**

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:      All Counsel of Record