IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:   WORLD HEALTH ALTERNATIVES, INC. SECURITIES LITIGATION | )<br>)   Master File No.: 2:05-cv-1194<br>) |

## PRELIMINARY APPROVAL ORDER

Whereas, the Court has reviewed the Stipulation and Agreement of Settlement (the "Stipulation") and its attached exhibits, that has been entered into by the Lead Plaintiffs and the Defendants, and good cause appearing;

NOW THEREFORE, it is hereby **ORDERED, ADJUDGED and DECREED** as follows:

1. For the purpose of this Order, the Court adopts all defined terms as set forth in the Stipulation.

2. The Court hereby preliminarily approves the Stipulation and the Settlement described therein as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Fairness Hearing described below.

3. The Settlement Fairness Hearing will be held before the undersigned on **Monday, June 11, 2007 at 9:30 A.M.** in Courtroom 6C of the United States District Court for the Western District of Pennsylvania, United States Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania 15219, to determine: (i) whether the proposed Settlement of the Actions, including the Plan of Distribution, as set forth in the Stipulation, should be finally approved as fair, reasonable and adequate, and the Actions therefore dismissed on the merits with prejudice, and (ii) whether the application of Lead Counsel for Lead Plaintiffs for an award of Attorneys' Fees and Expenses

should be approved.  The Court may adjourn or continue the Settlement Fairness Hearing without further notice to Settlement Class Members.

4.	For the purpose of the Settlement only, the Court certifies a Class according to the provisions of Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of all persons or entities who purchased or otherwise acquired shares of World Health Alternatives, Inc. ("World Health") common stock during the period from June 26, 2003 through August 19, 2005, inclusive, and who were damaged thereby.  Excluded from the Class are:  (i) Defendants; (ii) World Health and its current and former directors and officers; (iii) members of the immediate family of each Individual Defendant or any current or former World Health director or officer; (iv) any subsidiary or affiliate of any Defendant or World Health; (v) any entity in which any Individual Defendant or World Health has a controlling interest; and (vi) the legal representatives, heirs, successors, predecessors in interest, affiliates or assigns of any excluded party.

5.	The proposed form of Notice in substantially the same form as attached hereto as Exhibit 1 (the "Notice") is hereby approved, and the Court finds that said Notice complies with the requirements of Rule 23(e) of the Federal Rules of Civil Procedure, the requirements of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and the requirements of due process.

6.	Subject to the terms of the Stipulation and direction of the Court, Lead Counsel is hereby authorized to establish the Escrow Account and to retain the firm of Heffler, Radetich & Saitta, LLP as Claims Administrator ("Claims Administrator") to supervise and administer the Notice procedure as well as proof of claims.

2

7.     The Notice, together with the Proof of Claim attached hereto as Exhibit 2 (the "Proof of Claim"), shall be sent to all members of the Settlement Class who can reasonably be identified, by first-class mail, postage prepaid, on or before **March 2, 2007**.

8.     The Court approves the Summary Notice in substantially the form as attached hereto as Exhibit 3.  Within ten (10) days of the mailing of the Notice and Proof of Claim, the Summary Notice shall be published in the national edition of <u>The Wall Street Journal</u>.

9.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finds and concludes that the mailing and publication pursuant to paragraphs 7 and 8 hereof constitute the best notice practicable under the circumstances and provides due and sufficient notice of the matters set forth in the Notice to all persons entitled to such Notice; and that said Notice fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of the Private Securities Litigation Reform Act of 1995, 15 U.S.C § 78u-4 (a)(7), and the requirements of due process.

10.    Lead Counsel for Lead Plaintiffs shall make reasonable efforts to identify all persons who are Class Members, including beneficial owners whose World Health stock is held by banks, brokerage firms, or other nominees.  Present and past transfer agents of World Health and all other persons are ordered to provide reasonable assistance to Lead Counsel and the Claims Administrator to enable them to identify Class Members, including providing lists of purchasers of World Health stock during the Class Period.  Lead Counsel for Lead Plaintiffs shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased World Health common stock during the Class Period.  Within ten (10) days of receipt of the Notice, such nominee purchasers are ordered and directed to: (1)

forward copies of the Notice and Proof of Claim to their beneficial owners and provide the Claims Administrator with written confirmation that the Notice has been so forwarded, or (2) provide the Claims Administrator with the names and addresses of the beneficial owners, preferably on computer-generated mailing labels, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such beneficial owners.  Additional copies of the Notice shall be made available to any record holder who requests same for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notices and Proofs of Claim to beneficial owners.

11. Prior to the scheduled date of the Settlement Fairness Hearing, Lead Counsel shall cause to be filed with the District Court Clerk affidavits or declarations of the person(s) under whose general direction the: (i) mailing of the Notice and Proof of Claim shall have been made, and (ii) the publication of the Summary Notice shall have been made, to establish that such mailing and publication have been made in accordance with this Order.

12. In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with all of the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim, substantially in the form attached as Exhibit 2, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than **August 13, 2007**.  Such deadline may be further extended by order of this Court.  Each Proof of Claim shall be deemed to have been submitted when

postmarked (if properly addressed and mailed by first-class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an Order of the Court approving distribution of the Net Settlement Fund.  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Settlement Notice.

(b) The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of that person's current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter set forth and it must be signed under penalty of perjury.

(c) As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all claims as provided in the Stipulation.

13. Any member of the Class who wishes to be excluded from the Class must file a written Request for Exclusion with the Court, and must submit a copy of the Request for Exclusion to the Claims Administrator, by first class mail no later than **May 21, 2007**.  All

persons who submit a valid and timely Request for Exclusion in the manner set forth in the Notice shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment.  The Claims Administrator shall provide copies of every Request for Exclusion to Lead Counsel for Lead Plaintiffs and the Released Persons' Counsel, within a reasonably prompt time after such Request(s) are received.

14. The Court will consider comments and/or objections to the Settlement, the Plan of Distribution, or the award of Attorneys' Fees and reimbursement of Expenses only if such comments or objections and any supporting documents are filed in writing with the Clerk of the United States District Court for the Western District of Pennsylvania, U.S. Courthouse, 700 Grant Street, Pittsburgh, PA 15219 on or before **May 21, 2007**.  Copies of all such comments or objections shall be simultaneously served upon the following: Sherrie R. Savett, Esq., **Berger & Montague, P.C.**, 1622 Locust Street, Philadelphia, Pennsylvania 19103 on behalf of Lead Plaintiffs and the Class; William R. Caroselli, Esq., and G. Timothy Conboy, Esq., **Caroselli, Beachler, Mctiernan & Conboy, LLC**,  312 Boulevard of Allies, 8th Floor,  Pittsburgh, PA 15222-1916 on behalf of Lead Plaintiffs and the Class; Roy W. Arnold, Esq., and Colin E. Wrabley, Esq., **Reed Smith, LLP**, 435 Sixth Avenue, Pittsburgh, PA 15219, on behalf of Defendant Richard E. McDonald; Peter S. Russ, Esq., and David W. Gray, Esq., **Buchanan Ingersoll & Rooney, PC**, One Oxford Centre, 20th Floor, 301 Grant Street, Pittsburgh, PA 15219-1410 on behalf of Defendants John W. Higbee, and Frederick R. Jackson, Sr.; James J. McGuire, Esq., and Vincent Filardo, Jr., Esq., **Sheppard, Mullin, Richter & Hampton LLP**, 30 Rockefeller Plaza, 24th Floor, New York, NY 10112 on behalf of Defendant John C. Sercu; and

Ken Willman, Willman & Arnold, LLP, 705 McKnight Park Drive, Pittsburgh, PA 15237, on behalf of Defendant Daszkal Bolton, LLP.  Attendance at the Settlement Fairness Hearing is not necessary, however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Distribution, and/or the request for Attorneys' Fees and Expenses are required to indicate in their written objection their intention to appear and testify or speak at the Settlement Fairness Hearing.  Persons who intend to object to the Settlement, the Plan of Distribution, and/or counsel's application for an award of Attorneys' Fees and Expenses, and who desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing.  Class Members do not need to appear at the Settlement Fairness Hearing or take any other action to indicate their approval.  Any Class Member who does not make his, her or its objection in the manner described in this paragraph shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the Stipulation, to the Plan of Distribution, and to the award of Attorneys' Fees and Expenses to Lead Counsel for Lead Plaintiffs, unless otherwise ordered by the Court.

15.     Pending the Settlement Fairness Hearing, Class Members are enjoined from bringing or asserting any claim or action that was or could have been asserted in the Actions or arose out of the Released Claims.

16.     Plaintiffs' Lead Counsel shall file their briefs and affidavits in support of the Settlement, the Plan of Distribution, and the application for an award of Attorneys' Fees and reimbursement of Expenses, and responding to any comments or objections at least ten (10) days

before the Settlement Fairness Hearing date.  Copies of all such briefs and affidavits shall, at the time of filing, be served upon Defendants' Counsel and any persons who filed any comments or objections.

17. If: (a) any specified condition to the Settlement set forth in the Stipulation is not satisfied and the satisfaction of such condition is not waived in writing by Lead Counsel and Counsel for the Defendants; (b) the Court rejects, in any respect, the Order and Final Judgment in substantially the form and content annexed to the Stipulation as Exhibit B and/or Plaintiffs' Lead Counsel and Counsel for the Defendants fail to consent to the entry of another form of order in lieu thereof; (c) the Court rejects the Stipulation, including any amendment thereto approved by Lead Counsel and Counsel for the Defendants; or (d) the Court approves the Stipulation, including any amendment thereto approved by Lead Counsel and Counsel for the Defendants, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise, then, in any such event, the Stipulation, including any amendments thereof, and this Preliminary Order shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his or its respective position as it existed prior to the execution of the Stipulation.

18. The Court retains exclusive jurisdiction over the Actions to consider all further matters arising out of or connected with the Settlement.

19.     The Court may, for good cause, extend any of the deadlines set forth in this order without further notice to the Class Members.

Signed this 1st day of February, 2007.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:     Counsel of Record