IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE WORLD HEALTH            )
ALTERNATIVES, INC.            )         02: 05cv1194
SECURITIES LITIGATION         )

**MEMORANDUM OPINION AND ORDER**

Presently before the Court are the following:

• TRUSTEE, GEORGE MILLER'S OBJECTION TO THE FAIRNESS OF THE STIPULATION AND SETTLEMENT (*Document No. 159*) and the REQUEST TO APPEAR AND SPEAK AT SETTLEMENT FAIRNESS HEARING filed by the Trustee, George Miller (*Document No. 160*);

• PLAINTIFFS' RESPONSE TO TRUSTEE, GEORGE MILLER'S OBJECTION TO THE FAIRNESS OF THE SETTLEMENT (*Document No. 167*);

• DEFENDANTS JOHN W. HIGBEE AND FREDERICK R. JACKSON, SR.'S JOINDER IN PLAINTIFF'S RESPONSE TO TRUSTEE, GEORGE MILLER'S OBJECTION TO THE FAIRNESS OF THE SETTLEMENT (*Document No. 172*); and

• DEFENDANT RICHARD E. McDONALD'S RESPONSE TO OBJECTION TO SETTLEMENT OF GEORGE L. MILLER, AS CHAPTER 7 TRUSTEE OF THE ESTATE OF WORLD HEALTH ALTERNATIVES, INC. (*Document No. 173*).

For the reasons discussed below, the Court finds that the Trustee lacks standing to object to the settlement and his request to appear and speak at the settlement fairness hearing will be denied.

The factual background of this litigation is well known to the parties and does not need to be elaborated in this Memorandum Opinion.  On November 17, 2006, Plaintiffs filed

with the Court an Unopposed Motion in Support of Preliminary Approval of Settlement.  The proposed Settlement provides consideration of $2.7 million, plus certain stock holdings of Richard McDonald, in return for a release of all claims against the named defendants by class members.  World Health Alternatives, Inc. ("World Health") is not a Released Party, nor a class member, and any claims that could be brought by World Health or its successor are not released.

On November 27, 2006, the parties reached an agreement to settle this consolidated class action.  On December 20, 2006, the Trustee filed a motion to intervene, which the Court denied on January 31, 2007.  On that same day, the Court ordered distribution of a notice of settlement and set a final Fairness Hearing on the settlement for June 11, 2007.

On May 21, 2007, the Trustee filed the instant objection in which he argues that the Settlement Agreement is unfair because it:  "(1) exhausts insurance coverage available to the Estate . . ., (2) permits shareholders of World Health to be paid before creditors of the Estate, in violation of the priority scheme established by the Bankruptcy Code; and (3) permits certain wrongdoers - shareholders of World Health that are responsible for the injuries to the company - to share in the proceeds of the settlement fund."  Obj. at 1-2.

Plaintiffs and the Defendants in this lawsuit contend that the objections of the Trustee should be rejected because (i) he does not have standing to object and/or alternatively (ii) that the Trustee has no legal right to the relief he seeks.  The Court agrees.

First, it is well established that generally only parties have the right to object to a class action settlement absent extraordinary circumstances.  *Gould v. Alleco,* 883 F.2d 281, 284 (4th Cir. 1989); *San Francisco NAACP v. San Francisco Unified Sch. Dist.,* 59 F. Supp. 2d

1021, 1032 (N.D. Cal. 1999) ("nonclass members have no standing to object to the settlement of a class action"). Neither the Trustee nor World Health are parties in this class action and the Trustee has not demonstrated or argued that any extraordinary circumstances exist which give the Trustee the right to object to the proposed class action settlement.

Moreover, the Court of Appeals for the Third Circuit in *Eichenholtz v. Brennan*, 52 F.3d 478, 482 (3d Cir. 1985), recognized circumstances where non-settling defendants can object to a settlement. In that case, the appellate court held that a "non-settling defendant" may object to a settlement if it can demonstrate that the settlement causes it "formal legal prejudice," which may result from a settlement that strips a cause of action away from a non-settling defendant or invalidates the non-settling defendant's contract rights. Here, neither the Trustee nor World Health are non-settling defendants in this class action. Further, the Trustee does not contend that the settlement strips a cause of action away from World Health or invalidates World Health's contract rights. Rather, the Trustee argues that the Settlement Agreement diminishes the pool of assets the Trustee might recover if he prevails on his claims brought in the Adversary Proceeding in the Bankruptcy Court.

The Court has not found through independent research nor has the Trustee cited to any case which holds, or even suggests, that a bankruptcy trustee has standing to object to a settlement of a class action lawsuit to which neither he nor the bankruptcy estate he serves as trustee is a party. Accordingly, the Court finds that the Trustee does not have standing to object to the proposed settlement in this action.

Assuming *arguendo* that the Trustee has standing to object, the Court finds that the Trustee has no legal right to the relief he seeks. By Memorandum Opinion and Order of Court

issued June 8, 2007, United States Bankruptcy Judge Kevin Gross found that "it appears that the proceeds of the Debtor's insurance policy are not property of the estate" and denied the Trustee's request for a preliminary injunction and to enforce automatic stay.  *See* Document Nos. 798 and 799 (United States Bankruptcy Court, District of Delaware, Case No. 06-101660.)  All of the Trustee's arguments in opposition to the proposed settlement agreement depend on his claim that the proceeds from the insurance policy at issue are an asset of the estate.

The insurance policy provides three types of insurance coverage:  Coverage  A insured the directors and officers of World Health against any damages (in the from of a settlement or a judgment) and litigation defense costs that they are legally obligated to pay in connection with certain claims made against them in their capacity as directors and officers; Coverage B provides for reimbursement of World  Health to the extent it indemnifies its directors and officers for any such damages; and Coverage C insures World Health for certain securities claims made directly against it.

In addition, as the Bankruptcy Court aptly noted, the insurance policy plainly provides a "Priority of Payments" endorsement (Endorsement No. 11) that directs payment first for payment of damages and defense costs to the directors and officers under Coverage A before any payment is made to World Health under Coverages B and/or C.  The insurance policy does not provide for any insurance coverage unless and until a covered "Loss" has occurred.

Notably, World Health is not insured under Coverage A and all of the proceeds of the insurance policy which will be used to fund this settlement are proceeds of Coverage A; the proposed settlement does not implicate any proceeds of Coverages B or C.

Lastly, the insurance policy is a "claims made" policy which only provides coverage for certain claims made against the directors and officers during the policy period of July 18, 2005 through July 18, 2006. It is not disputed that there is and has been a covered claim asserted against the Defendants in the class action litigation; and the Trustee does not suggest that any covered "securities claim" under Coverage C has been asserted against World Health. Significantly, the Trustee also does not assert that any indemnification claims have been asserted against World Health. Thus, the Trustee's indemnification obligations appear to be speculative. "[W]hen the liability policy provides the debtor with indemnification coverage but indemnification either has not occurred, is hypothetical, or speculative, the proceeds are not property of the estate." *In re Allied Digital Prod. Corp.*, 306 B.R. 505, 512 (Bankr. D. Del. 2004).

For these reasons, the Court finds and rules that the Trustee has no legal right to the relief he seeks.

For all these reasons, the Court finds that the Trustee lacks standing to object to the settlement, or in the alternative, that the Trustee has no legal right to the relief he seeks, and his request to appear and speak at the settlement fairness hearing will be denied. An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE WORLD HEALTH            )
ALTERNATIVES, INC.            )        02: 05-cv1194
SECURITIES LITIGATION         )

## ORDER OF COURT

**AND NOW**, this 8th day of June, 2007, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the Objection of the Trustee is **DENIED** because the Trustee lacks standing to object to the settlement, or in the alternative, that the Trustee has no legal right to the relief he seeks.

It is further **ORDERED** that the request of the Trustee to appear and speak at the settlement fairness hearing is **DENIED**.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge


cc:     All Counsel of Record