UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

IN RE WORLD HEALTH
ALTERNATIVES, INC.          :   Master File No. 2:05-cv-1194
SECURITIES LITIGATION       :

## ORDER AND FINAL JUDGMENT

This matter came on for hearing on June 11, 2007, upon the application of Lead Counsel for the Lead Plaintiffs and counsel for the Defendants for approval of the Settlement set forth in the Stipulation and Agreement of Settlement, filed as of November 27, 2006 (the "Stipulation"). Due and adequate notice having been given to the Settlement Class defined below, and the Court having considered the Stipulation, all papers filed and proceedings had herein and all objections and comments received regarding the proposed settlement, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court, for purposes of this Order and Final Judgment of Dismissal with Prejudice (the "Judgment"), adopts all defined terms set forth in the Stipulation and incorporates the terms of the Stipulation by reference herein.

2. The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiffs, the Settlement Class, and the Defendants.

3. The Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiffs (identified in

paragraph 4 below) are typical of the claims of the Class they seek to represent; (d) the Lead Plaintiffs have and will fairly and adequately represent the interests of the Class as class representative; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. For the purposes of the Settlement only, the Court certifies a Class according to the provisions of Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of all persons or entities who purchased or otherwise acquired shares of World Health Alternatives, Inc. ("World Health") common stock during the period from June 26, 2003 through August 19, 2005, inclusive, and who were damaged thereby. Excluded from the Class are: (i) Defendants; (ii) current and former directors and officers of World Health; (iii) members of the immediate family of each Individual Defendant or any current or former World Health director of officer; (iv) any subsidiary or affiliate of any Defendant or World Health; (v) any entity in which any Individual Defendant or World Health has a controlling interest; and (vi) the legal representatives, heirs, successors, predecessors in interest, affiliates or assigns of any excluded party.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement, Lead Plaintiffs Columbus Capital Partners, L.P. and Columbus Capital Offshore Fund, Ltd. are finally certified as Class Representatives.

6. The Court finds and concludes that the Notice given to the Settlement Class was in compliance with this Court's Order dated February 1, 2007 and that said Notice constituted the best notice practicable under the circumstances and provided due and sufficient notice of the

matters set forth therein to all persons entitled to such Notice; and that said Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and the requirements of due process. Distribution of the Notice was in compliance with the Class Action Fairness Act, 28 U.S.C. § 1715.

7. After hearing and based upon the submissions of Lead Counsel for Lead Plaintiffs, this Court hereby approves the Settlement set forth in the Stipulation, and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class and the Settlement Class Members. The Plan of Distribution is also approved as fair, reasonable and adequate, and in the best interests of the Class. The parties to the Stipulation are therefore hereby directed to consummate and perform the terms of Settlement set forth in the Stipulation.

8. The Action and the Released Claims, including all claims raised in the Action against the Defendants are dismissed on the merits and with prejudice as to the Lead Plaintiffs and the Settlement Class, and the parties shall bear their own costs.

9. As of the Effective Date, all Settlement Class Members shall conclusively be deemed to have released and forever discharged all Released Persons from all Released Claims, whether or not such Settlement Class Member has filed a Proof of Claim.

10. All Settlement Class Members are permanently barred and enjoined from instituting or prosecuting, in any capacity, any action or proceeding that involves or asserts any of the Released Claims.

11. Upon the Effective Date, each of the Released Persons shall be deemed to have,

and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged each of the Lead Plaintiffs, the Settlement Class Members and Lead Counsel for Lead Plaintiffs, from all claims arising out of, relating to, or in connection with the institution, prosecution, or resolution of the Action or the Released Claims.

12. All Persons who have submitted valid and timely requests for exclusion from the Class shall not be bound by this Order and Final Judgment. A list of the names of those persons who are not bound by this Judgment is attached hereto as Exhibit A.

13. Without affecting the finality of this Judgment, the Court hereby reserves and retains exclusive and continuing jurisdiction over all matters relating to the administration and effectuation of the Stipulation and Settlement.

14. Pursuant to 15 U.S.C. §78u-4(c)(1), the Court finds that the Lead Plaintiffs and Defendants, and their respective counsel, have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

15. Neither the Stipulation, including all exhibits, orders or other documents referred to herein; nor any terms or provision of the Stipulation, including the Plan of Distribution; nor any of the communications, negotiations, mediation, proceedings or documents produced to Lead Plaintiffs in connection with or related to this Stipulation, shall be:

(a) construed as or deemed to be evidence of, or a concession or an admission by any Defendant of, or to give rise to any sort of inference or presumption of: (i) the truth of any fact alleged or the validity of any claim asserted in the Complaint or the Action, (ii) the truth of any fact or claim that has been, ever could have been, or ever could be asserted in the Complaint or the Action, or (iii) any liability, fault, wrongdoing or misconduct of any type by

any Defendant with respect to the Complaint or the Action; or

    (b) offered or received into evidence in any proceeding or otherwise submitted to, or referred to in, any court, administrative agency, tribunal or other forum as evidence of, or as a concession or admission by any Defendant of, or as giving rise to any sort of inference or presumption of, any fault, misrepresentation or omission in any oral or written statement or any document, report or financial statement issued, filed, approved, examined, reviewed, considered, reported on, or made by any Defendant; or

    (c) offered or received into evidence in any proceeding or otherwise submitted to, or referred to in, any court, administrative agency, tribunal or other forum as evidence of, or as a concession or admission by any Defendant of, or as giving rise to any sort of inference or presumption of, any liability, fault or wrongdoing by any Defendant in any civil, criminal, administrative, arbitral or other proceeding but may be referred to in such a proceeding only as may be necessary to consummate or enforce this Stipulation; or

    (d) construed by anyone for any purpose whatsoever as a concession or an admission – or as giving rise to any inference or presumption – of any liability, fault, wrongdoing or misconduct of any sort on the part of any Defendant; or

    (e) construed as an admission or concession by anyone – or as giving rise to any inference or presumption – that the consideration to be given hereunder represents the amount that could be recovered after trial, or as a release of any person other than Defendants and other Released Persons; or

    (f) construed by anyone for any purpose as a concession or an admission by Lead Plaintiffs in any respect.

16. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

17. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

18. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

DATED: __June 12__, 2007     BY THE COURT

s/ Terrence F. McVerry
HONORABLE TERRENCE F. McVERRY
UNITED STATES DISTRICT COURT JUDGE