UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

IN RE WORLD HEALTH
ALTERNATIVES, INC.             :   Master File No. 2:05-cv-1194
SECURITIES LITIGATION          :

## ORDER AWARDING ATTORNEYS' FEES, COSTS AND EXPENSES

This matter having come before the Court on June 11, 2007, upon the application by Lead Counsel for Lead Plaintiffs ("Lead Counsel") for an award of attorneys' fees, costs and expenses, and the Court, having considered the evidence, all papers filed and proceedings conducted herein, having found the settlement of this action to be fair, reasonable and adequate, and the Court having approved the settlement, and good cause appearing:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. Lead Counsel is awarded (I) attorneys' fees in the amount of $756,000 and 28 % of the proceeds of any sale of Settlement Stock; and (ii) costs and expenses in the amount of $75,628.00.

2. The awarded attorneys' fees, costs and expenses shall be allocated in a manner which, in the good faith judgment of Lead Counsel reflects the contribution of Plaintiffs' Counsel to the institution, prosecution and settlement of the Litigation.

3. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

   (a) the Settlement has created a fund of $2,700,000 in cash that is already on deposit, plus interest to be earned thereon, and certain shares of common stock described in the Stipulation of Settlement, as well as an undertaking by Defendants to pay up to $50,000 toward

the costs of providing Notice to the members of the Class, which undertaking is included in the Gross Settlement Fund; and that numerous Class Members who file timely and valid claims will benefit from the Settlement created by Plaintiffs' Counsel;

(b) over 9,631 copies of the Notice were disseminated to putative Class Members indicating that Plaintiffs' Counsel intended to seek up to 30% of the Gross Settlement Fund in attorneys' fees and to seek reimbursement of their expenses in an amount not to exceed $100,000, plus interest, and the Summary Notice was published in *The Wall Street Journal* as required by the Court, and no objection by a Class Member was filed against either the terms of the proposed Settlement or the ceiling on fees and expenses to be requested by Plaintiffs' Counsel contained in the Notice;

(c) Plaintiffs' Counsel have conducted this litigation and achieved the Settlement with skill and efficiency;

(d) the litigation of this Action involved complex factual and legal issues and was actively prosecuted since its inception, and in the absence of a Settlement, the action would have continued to involve complex factual and legal questions;

(e) if Plaintiffs' Counsel had not achieved the Settlement, there was a risk either of nonpayment or of achieving a smaller recovery;

(f) Plaintiffs' counsel have devoted over 1200 hours, with a lodestar value of over $520,000, to achieve the Settlement; and

(g) the amount of attorneys' fees awarded and expenses reimbursed from the Gross Settlement Fund are consistent with the awards in similar cases.

DATED: __June 12__, 2007      BY THE COURT

s/ Terrence F. McVerry
HONORABLE TERRENCE F. McVERRY
UNITED STATES DISTRICT COURT JUDGE